UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:22-cv-00063-LLK

CHRISTOPHER W.                                                                                          PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                                DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. Plaintiff memorandum in support of motion for summary judgment is at Doc. 15, and Plaintiff's fact and law summary in opposition is at Doc. 16. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 11].

Plaintiff makes two arguments. Because the arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**Procedural history**

Plaintiff was born in June 1976; he was found to be disabled as of November 2002; and benefits were terminated as of February 2014 due to medical improvement. [Administrative Record, Doc. 10 at 87, 90, 95].

In May 2017, the prior ALJ (Jennifer B. Thomas) issued the Commissioner's prior final decision upholding the termination of benefits. *Id.* at 87-97.

In July 2018, Plaintiff filed the present application for benefits. *Id.* at 166.

In October 2019, the present ALJ (Stacey L. Foster) issued a denial decision. *Id.* at 166-75.

1

In August 2020, the Appeals Council remanded the matter to the ALJ for a new decision. *Id.* at 182-84.

In March 2021, the ALJ issued a new decision. *Id.* at 15-25.

In March 2022, the Appeals Council declined to disturb the ALJ's new decision [Doc. 10 at 1-3], thereby rendering it the Commissioner's final decision, which is presently before the Court on judicial review.

**The ALJ's decision**

In March 2021, the ALJ issued the Commissioner's final decision. [Doc. 10 at 15-25]. The ALJ analyzed Plaintiff's disability claim pursuant to the five-step sequential evaluation process.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity from May 9, 2017, when he alleges that he became disabled, through March 30, 2021, when the ALJ issued her decision. *Id.* at 17, 25.

Second, the ALJ found that Plaintiff has no severe, or vocationally significant, physical impairment but has the following severe mental impairments: mood and anxiety disorders, attention deficit hyperactivity disorder (ADHD), and personality disorder. *Id.* at 18.

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.*

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding his severe mental impairments, Plaintiff:

> … can understand, remember, and carry out simple routine tasks … could occasionally interact with supervisors and co-workers, but should avoid interaction with the public … should avoid work that is production or quota based … [a]ny changes in a work routine should be rare and gradually introduced … can concentrate for two-hour segments of time throughout an eight-hour workday."

*Id.* at 19.

Fourth, the ALJ found that Plaintiff has no past relevant work. *Id.* at 23.

Fifth, the ALJ found that Plaintiff retains the ability to perform a significant number of unskilled, medium jobs in the national economy such as dishwasher (Dictionary of Occupational Titles (DOT) 318.687-010), floor technician (DOT 381.687-034), and automobile porter/detailer (DOT 915.687-034). *Id.* at 24-25.

## Plaintiff's first argument is unpersuasive.

First, Plaintiff argues that "[t]he ALJ failed to properly evaluate the medical opinion of Mr. Steven Duff as the ALJ's review of the opinion does not follow the current legal standard in evaluating medical opinions and the evaluation is not supported by substantial evidence." [Doc. 15 at PageID.795].

On September 20, 2020, Plaintiff's treating counselor / therapist, licensed professional counselor associate (LPCA) Steve Duff, completed the Medical Source Statement of Ability to Do Work-Related Activities (Mental) form. [Doc. 10 at 694-96]. The LPCA rated Plaintiff's mental abilities in ten areas. *Id.* The LPCA found Plaintiff to be: "Extremely" limited in his ability to 1) "respond appropriately to usual work situations and to changes in a routine work setting"; "Markedly" limited in his abilities to 2) understand and remember complex instructions, 3) carry out complex instructions, 4) make judgments on complex work-related decisions, 5) interact appropriately with the public, 6) interact appropriately with supervisor(s), and 7) interact appropriately with co-workers; "Moderately" limited in his ability to 8) make judgments on simple work-related decisions; and "Mildly" limited in his abilities to 9) understand and remember simple instructions and 10) carry out simple instructions. *Id.*

The ALJ found the LPCA's opinion to be "unpersuasive because it is not consistent with or supported by the claimant's treatment records showing that although the claimant has some irritability and situational stressors, his symptoms do not support marked or extreme limitations." *Id.* at 23.

Plaintiff filed his applications for Social Security disability benefits in July 2018. [Doc. 10 at 166]. Because Plaintiff filed after March 27, 2017, the new rules for evaluating medical opinions apply. See 20 C.F.R. § 404.1520c ("For claims filed ... on or after March 27, 2017, the rules in this section apply.").

3

The newly promulgated regulations, applicable to applications filed after March 27, 2017, distinguish among acceptable medical sources, medical sources, and nonmedical sources. Acceptable medical sources are listed at 20 C.F.R. § 404.1502(a), e.g., licensed physician, licensed psychologist, etc. A medical source is, among other things, an "individual who is licensed as a healthcare worker by a State and working within the scope of practice permitted under State or Federal law." 20 C.F.R. § 404.1502(d). A nonmedical source is a "source of evidence who is not a medical source," e.g., you, educational personnel, etc. 20 C.F.R. § 404.1502(e).

This Opinion classifies an LPCA as a nonacceptable medical source, and the LPCA's opinion as a medical opinion.

Under the new regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 404.1520c(a). In determining the persuasiveness of a medical opinion, an ALJ must consider "supportability, consistency, relationship [with the claimant], specialization, and other factors." 20 C.F.R. § 404.1520c(c)(1)-(5). But the ALJ need only explain how he/she considered the supportability and consistency factors, which are the two most important in determining the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(b)(2).

The ALJ found the LPCA's opinion to be:

> … unpersuasive because it is not consistent with or supported by the claimant's treatment records showing that although the claimant has some irritability and situational stressors, his symptoms do not support marked or extreme limitations. He testified that he is able to drive, keep appointments, and occasionally visit friends. Although the claimant's treatment records shows that he was off his medication at the time of this assessment, the previous month (August 2020) he reported that his mood was stable and anxiety manageable. (Exhibits B7F/9; B8F; B9F/24).

[Doc. 10 at 23].

The ALJ's finding comported with applicable legal standards and was supported by substantial evidence.

Next, Plaintiff observes that the ALJ's discounting of the LPCA's opinion was based, in part, on the ALJ's decision to defer to the prior ALJ's residual functional capacity (RFC) determination.  According to the ALJ:

> In accordance with *Drummond v. Commissioner of Social Security*, 126 F.3d 877 (6th Cir. 1997), I have examined the previously adjudicated residual functional capacity. (See also AR 98-4). An unfavorable decision was issued by an Administrative Law Judge (ALJ) on May 11, 2017. At that time, the ALJ found the claimant to have severe impairments of affective mood disorder, personality disorder, anxiety related disorder, and attention deficit hyperactivity disorder. The ALJ also found the claimant to have the same residual functional capacity as in finding number five of this decision. After reviewing both the previous decision and the current evidence of record, I am not persuaded that the medical/psychological evidence indicates a worsening of the claimant's condition. Instead, the claimant has retained the abilities to perform with the same accommodations as listed in the prior decision.

[Doc. 10 and 20-21].  Plaintiff argues that, rather than deferring to the prior RFC, Sixth Circuit caselaw required that the ALJ take a "fresh look" at the evidence, including the new evidence he submitted in connection with his application filed in July 2018.  [Doc. 15 at PageID.799 quoting *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 934 (6th Cir. 2018)].

In this case, the ALJ's look at the evidence was sufficiently fresh.  A "fresh" look is not a "blind" look.  *Earley*, 893 F.3d at 934.  When (as here), the evidence in connection with a subsequent application for benefits is essentially the same as it was previously at the time of the prior decision denying benefits, "[w]hat's past likely will be precedent ... as indeed it should be in a system designed to apply the law consistently to similarly situated individuals."  *Id.* at 935.

**Plaintiff's second argument is unpersuasive.**

Second, Plaintiff argues that "[t]he ALJ decision cannot be upheld by substantial evidence and continues to rely on flawed vocational expert testimony.  There continues to be an apparent conflict between the vocational expert evidence and the information provided in the Dictionary of Occupational Titles ('DOT')."  [Doc. 15 at PageID.800].

In October 2019, the ALJ issued a denial decision finding that, notwithstanding his severe mental impairments, Plaintiff has the following mental residual functional capacity (RFC):

5

> … can understand, remember, and carry out simple routine tasks … could occasionally interact with supervisors and co-workers, but should avoid interaction with the public … should avoid work that is production or quota based … [a]ny changes in a work routine should be rare and gradually introduced … can concentrate for two-hour segments of time throughout an eight-hour workday.

*Id.* at 170. The ALJ found that Plaintiff retains the ability to perform a significant number of unskilled, medium jobs in the national economy such as hand packager (DOT) 920.587-018), warehouse worker (DOT 922.687-058), and cleaner (DOT 381.687-018). *Id.* at 24-25.

In August 2020, the Appeals Council found, sua sponte, that there was an "apparent conflict" between needing to "avoid work that is production or quota based" and the DOT description of the above jobs, which "suggests that the hand packager position is both production and quota-based work, and that the warehouse worker is production-based work." *Id.* at 183. The Appeals Council remanded the matter to the ALJ for a new decision, finding that "[p]ursuant to Social Security Ruling [SSR] 00-4p, there is an apparent conflict … that must be resolved." *Id.*

On remand, the ALJ adopted the prior mental RFC and found that, notwithstanding a need to avoid work that is production or quota based, Plaintiff can work as a dishwasher (Dictionary of Occupational Titles (DOT) 318.687-010), floor technician (DOT 381.687-034), and automobile porter/detailer (DOT 915.687-034). *Id.* at 19, 24-25, 55.

Plaintiff argues that there continues to be an apparent conflict between the VE's testimony and the DOT description of the above jobs, which suggest that the jobs in question are production or quota based.

The argument is unpersuasive for two reasons.

First, the DOT job descriptions do **not** indicate that the jobs in question are production or quota based. On the contrary, VEs routinely testify that these jobs can be performed notwithstanding a need to avoid work that is production or quota based. *See e.g. Antonio P. v. Comm'r*, 2021 WL 5768545, at *7 (D. Conn. Dec. 6, 2021) (individual can perform DOT 318.687-010 although cannot tolerate "strict adherence to time or production requirements, meaning no quotas"); *Francis v. Comm'r*, No. 2:17-CV-1022, 2018 WL

4442596, at *5 (S.D. Ohio Sept. 18, 2018) (individual can perform DOT 381.687-034 although restricted to "goal-based work, which is commonly understood to mean work measured by the end result as contrasted with pace work"); *Taylor v. Comm'r*, No. 3:14-CV-00510-GCM, 2016 WL 1032345, at *5 (W.D.N.C. Mar. 15, 2016) (individual can perform DOT 915.687-034 although cannot do work involving "assembly line pace or adherence to strict production quotas").

Second, an ALJ must ask a VE whether his/her testimony is consistent with the DOT. Social Security Ruling (SSR) 00-4p, 2000 WL 1898704, at *2. In this case, the VE testified that his/her testimony was consistent with the DOT. [Doc. 10 at 55]. The Appeals Council was at liberty to and, in fact, did go beyond the inquiry mandated by SSR 00-4p. A reviewing court, in contrast, has no such freedom. *Beinlich v. Comm'r*, 345 F. App'x 163 (6th Cir. 2009). For judicial review purposes, an "ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry mandated by SSR 00-4p." *Id.* at 168. When (as here) the claimant is represented by counsel, the ALJ and reviewing court may rely on counsel to cross-examine the VE on any potential conflict. *Id.*

## ORDER

Because Plaintiff's two arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

November 15, 2022

**Lanny King, Magistrate Judge**
**United States District Court**